
DA 09-0448

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 72N

IN THE MATTER OF:

E.A.S.-R.,

A Youth in Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDJ 08-010-Y(a)
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Elizabeth Thomas, Attorney at Law, Missoula, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General; Helena, Montana

John Parker, Cascade County Attorney; Theresa L. Diekhans, Deputy County
Attorney; Great Falls, Montana

Submitted on Briefs:  February 24, 2010

Decided:  April 13, 2010

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      R.R. appeals from an order of the Eighth Judicial District Court, Cascade County, terminating his parental rights. We affirm.

¶3      The Department of Public Health and Human Services (Department) filed a petition for emergency protective services and temporary legal custody of E.A.S.-R. The Department filed its petition following its investigation into alleged physical harm and risk of physical harm to E.A.S.-R. as a result of domestic violence between R.R., the biological father of E.A.S.-R., and C.S., the biological mother of E.A.S.-R., generally following alcohol abuse by R.R. The Department further determined that C.S. was either unable or unwilling to protect E.A.S.-R. from potential abuse by R.R. R.R. initially denied paternity. The court continued the matter pending results of a DNA test to determine R.R.'s paternity. The DNA test confirmed R.R.'s paternity.

¶4      The court then held a show cause hearing after which it issued an order adjudicating E.A.S.-R. as a youth in need of care and granted temporary legal custody of E.A.S.-R. to the Department. The court approved a treatment plan for R.R. R.R. refused to participate in his treatment plans based upon his claim that the social worker was biased against him. In fact,

2

the social worker testified at the dispositional hearing that R.R. had made threats against her. R.R. contended that the entire proceeding had been a conspiracy to steal E.A.S.-R. and allow the social worker to sell E.A.S.-R. The District Court issued an order on June 10, 2009, terminating R.R.'s parental rights. R.R. appeals.

¶5 R.R. argues on appeal that exigent circumstances existed that prevented him from working cooperatively with the Department. R.R. points to his distrust of the social worker and the suggestion by the District Court at a hearing that the Department should attempt to find a different social worker to administer R.R.'s treatment plan in light of R.R.'s refusal to cooperate. We review a district court's decision to terminate a person's parental rights to determine whether the court abused its discretion. *In re A.H.D.*, 2008 MT 57, ¶ 11, 341 Mont. 494, 178 P.3d 131. A district court abuses its discretion if it acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice. *A.H.D.*, ¶ 11. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial evidence supports the District Court's findings of fact and that the District Court's legal conclusions were correct.

¶6 We affirm.

/S/ BRIAN MORRIS

We Concur:

3

/S/ MICHAEL E WHEAT
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM RICE